1   Edmundo P. Robaina (No. 018125)
    ROBAINA & KRESIN PLLC
2   5343 North 16th Street, Suite 200
    Phoenix, Arizona 85016
3   Telephone: (602) 682-6450
    Facsimile: (602) 682-6455
4   epr@robainalaw.com

5   Attorneys for Plaintiff Thomas Scott Peterson

6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF ARIZONA

8   Thomas Scott Peterson,
                                              No.
9              Plaintiff,

10  v.                                        **COMPLAINT**

11  Navajo County,
                                              (Jury Trial Demanded)
12             Defendant.

13

14         Plaintiff Thomas Scott Peterson ("Peterson") alleges the following against

15  Defendant Navajo County:

16         1.     This is an overtime case pursuant to the Fair Labor Standards Act

17  ("FLSA"), 29 U.S.C. § 201 *et. seq.*

18         2.     At relevant times, Peterson was a resident of Navajo County, Arizona.

19         3.     Defendant Navajo County (the "County") is a political subdivision of the

20  State of Arizona, and can sue and be sued pursuant to A.R.S. § 11-201.

21         4.     This Court has jurisdiction over the subject matter and the parties pursuant

22  to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

23         5.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the actions

24  and/or omissions by Navajo County giving rise to Peterson's claim occurred in Arizona.

25         6.     Peterson worked for the Navajo County Sheriff's Office (the "Sheriff's

26  Office") from September 2009 until he resigned on or about January 14, 2020.

27         7.     On or about January 1, 2018, Peterson was promoted to the position of

28  lieutenant, a position he retained until he resigned.

8.     From January 1, 2018 until Peterson resigned, Peterson worked on the Major Crimes Apprehension Team, which consisted of Peterson, two sergeants, four detectives, two canine officers and a secretary.  Peterson reported to the Chief Deputy.

9.     Peterson's primary job duties, which he performed eighty to ninety percent of his work time, were not managerial in nature, but were field law enforcement duties; and he typically performed those duties alongside the officers on his team on a daily basis.

10.     Peterson's work in the field included activities such as investigating major crimes; working with informants for purposes of drug interdiction; writing and serving search warrants; sharing information with, and otherwise working with, other drug enforcement agencies; apprehending fugitives; and directing team members who worked with him in the field with respect to such duties.

11.     Peterson regularly worked more than forty hours per week but was not paid overtime.

12.     In fact, during his employment as a Lieutenant, Peterson worked approximately 574 overtime hours for which he was not paid.

13.     All other deputies on the Major Crimes Apprehension Team, including the two sergeants, were paid overtime for the hours they worked over forty per week.

14.     Upon information and belief, Navajo County is aware that it has misclassified employees, and has paid several employees or former employees who made claims of unpaid overtime, but it has not taken the actions necessary to ensure that all non-exempt employees who work overtime hours have been properly paid for those hours pursuant to the  FLSA.

## Count One

### (Overtime Claim)

15.     Peterson incorporates by reference all previous allegations.

16.     At all times relevant to his overtime claim, Peterson was a covered employee under the FLSA.

17.   At all times relevant to his overtime claim, Navajo County was Peterson's employer pursuant to the FLSA.

18.   Peterson did not fall within any executive or other exemption from the FLSA's overtime pay requirement.

19.   Pursuant to the FLSA, Peterson was entitled to be paid time and a half for all hours he worked over forty hours per week during the period from January 1, 2018 until his resignation on or about January 14, 2020.

20.   Navajo County failed pay Peterson time and a half for all of the hours he worked over forty hours per week.

21.   Navajo County's failure to pay Peterson overtime compensation was willful.

22.   As a result of Navajo County's actions and omissions, Peterson is entitled to recover overtime compensation, liquidated damages, and his attorneys' fees.

WHEREFORE, Plaintiff Thomas Scott Peterson prays for judgment in his favor and against Navajo County, and asks the Court to:

A.   Award Peterson overtime pay, pre-judgment and any other appropriate relief necessary to make Peterson whole and compensate him for the legal violations described above;

B.   Award Peterson liquidated damages pursuant to 29 U.S.C. § 216;

C.   Award Peterson attorneys' fees pursuant to 29 U.S.C. § 216 and related expenses; and

D.   Award Peterson such other legal and equitable relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 10th day of March 2020.

ROBAINA & KRESIN PLLC

By /s/ Edmundo Robaina
   Edmundo Robaina
   Attorneys for Plaintiff

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiff Scott Peterson hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this 10th day of March 2020.

ROBAINA & KRESIN PLLC

By /s/ Edmundo Robaina
Edmundo Robaina
Attorneys for Plaintiff