**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Scott Peterson,<br><br>        Plaintiff,<br><br>v.<br><br>Navajo County,<br><br>        Defendant. | No. CV-20-08055-PCT-JJT<br><br>**ORDER** |

At issue is Defendant Navajo County's Motion for Summary Judgment (Doc. 67, Mot.) to which Plaintiff Thomas Scott Peterson ("Mr. Peterson") filed a Response (Doc. 71, Resp.), and Defendant filed a Reply (Doc. 73, Reply). The Court finds this matter appropriate for resolution without oral argument. LRCiv 7.2(f).

**I.     FACTUAL BACKGROUND**

Mr. Peterson worked for the Navajo County Sheriff's Office from September 2009 through January 2020. (Doc. 1, Compl. ¶ 6; Doc. 22, Plaintiff's Contravening Statement of Material Facts ("PSOF") ¶ 1; PSOF Ex. 1, Declaration of Thomas Scott Peterson ("Peterson Dec.") ¶¶ 2-3.) Mr. Peterson worked on the Major Crimes Apprehension Team ("MCAT") for the duration of his time at the Navajo County Sheriff's Office, and in January 2018 was promoted from sergeant to lieutenant. (PSOF ¶¶ 2, 10.) As a lieutenant, he worked alongside two sergeants, four detectives, two canine officers, and a secretary. (Compl. ¶¶ 7-8; PSOF ¶ 2.) He reported to the Chief Deputy. (Compl. ¶ 8.)

MCAT was divided into teams geographically, based on where the detectives lived. (PSOF ¶ 3.) As an MCAT sergeant, Mr. Peterson was assigned to the north team. (PSOF ¶ 7.) His responsibilities entailed "working as a supervisor in the field with his team to investigate major crimes, apprehend fugitives, interface with various federal law enforcement agencies, handle informants, perform surveillance, write and execute search warrants," and perform evaluations of his team members. (PSOF ¶ 8.) As a sergeant, Mr. Peterson often worked more than 40 hours per week, and was paid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"). (PSOF ¶ 9; *see also* Doc. 68, Defendant's Separate Statement of Facts in Support of Motion for Summary Judgment ("DSOF") ¶ 13.)

When Mr. Peterson was promoted to lieutenant, he was still expected to be out in the field. (PSOF ¶ 11.) His main duties, which encompassed 80 to 90 percent of is time, were enforcement-related and included "supervising primarily north team members in the investigation of narcotic and other major crimes, working with informants, performing surveillance, apprehending fugitives, writing search warrant affidavits and serving search warrants, and writing case reports." (PSOF ¶ 12.) As a lieutenant, Mr. Peterson also acquired some additional duties beyond those he had as a sergeant. (PSOF ¶ 20.) He became responsible for both the north and south teams, was required to attend a staff meeting every other month, was required to submit grant proposals to the Arizona Criminal Justice Commission ("ACJC"), and was responsible for the accuracy of arrest statistics on the ACJC website. (PSOF ¶¶ 21-24.) He would also review and approve budget and performance reports, twice attended High Intensity Drug Trafficking Areas ("HIDTA") meetings, met with the HIDTA assistant director approximately every six months, and could recommend discipline for MCAT members and request equipment for MCAT. (PSOF ¶¶ 25-30.) During his time as a lieutenant, Mr. Peterson did not receive overtime compensation. (PSOF ¶ 35.)

Mr. Peterson brought the present action in March 2020. (*See* Compl.) In his Complaint, Mr. Peterson claims that he is entitled to pay for the overtime hours he worked

for Defendant as a lieutenant pursuant to the FLSA. (Compl. ¶¶ 15-22.) Defendant now moves for summary judgment, arguing that Plaintiff is exempt from the FLSA's overtime pay requirement.

## II.   LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256-57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

## III. ANALYSIS

### A. A Reasonable Jury Could Conclude that Plaintiff was Not Exempt from the FLSA's Overtime Provisions

Congress enacted the FLSA "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). Among the FLSA's central provisions is its requirement that employers pay non-exempted workers at one and a half times the regular rate for any time worked in excess of forty hours in a single week. 29 U.S.C. § 207; *see Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1042 (2016). This provision does not apply to those employed "in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a).

Thus, the first issue the Court must address is whether Plaintiff was properly classified as exempt. The FLSA mandates that employers pay overtime compensation for time worked in excess of 40 hours in a week unless an exemption applies. 29 U.S.C. § 207(a)(1). Whether an exemption applies is a question of law, but the underlying facts pertaining to an employee's job duties may involve questions of fact. *See Solis v. Washington*, 656 F.3d 1079, 1083 (9th Cir. 2011). Thus, if no genuine dispute exists as to an MCAT lieutenant's job duties, the Court can hold as a matter of law that Plaintiff either does or does not fall into an exemption.

As the employer, Defendant bears the burden of establishing an exemption applies. *Klem v. Cty. of Santa Clara*, 208 F.3d 1085, 1089 (9th Cir. 2000). The FLSA exemptions "are to be withheld except as to persons plainly and unmistakably within their terms and spirit." *Id*. The criteria in regulations is "absolute," such that the employer must prove an employee "meets every requirement before the employee will be deprived of the protection of the Act." *Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1125 (9th Cir. 2002).

Defendant moves the Court for summary judgment, arguing that Plaintiff is not entitled to overtime pay because, due to his status as a lieutenant, he is exempt from the FLSA's overtime pay requirements as an "executive" or "administrative" employee under

the Act. (Mot. at 7-8, citing 29 U.S.C. § 212(a)(1) (2000).) Defendant points out that the Department of Labor's regulations describe an "executive" as an employee (1) "whose primary duty is management," (2) "who regularly directs the work of two or more employees," (3) "who has the authority to affect a change in the employment status of his or her subordinates," and (4) "who exercises discretion." (Mot. at 8, citing 29 C.F.R. § 541.1-541.3.) An administrative employee is defined as an employee (1) "whose primary duties consist of office or nonmanual work directly related to management policies or general business operations"; (2) "who customarily and regularly exercises discretion and judgment," and (3) "who executes under only general supervision special assignments and tasks." (Mot. at 9 (internal quotations omitted).)

Plaintiff, on the other hand, argues that the first responder regulation applies in this case, so Plaintiff is indeed eligible for overtime pay. (Resp. at 5.) The regulation provides that the exemptions do not apply to

> police officers, detectives, deputy sheriffs, state troopers, highway patrol officers, investigators . . . regardless of rank or pay level, who perform work such as. . . preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects; detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or other similar work.

29 C.F.R. § 541.3(b)(1). The regulation further provides:

> (2) Such employees do not qualify as exempt executive employees because their primary duty is not management of the enterprise in which the employee is employed or a customarily recognized department or subdivision thereof as required under § 541.100. Thus, for example, a police officer or fire fighter whose primary duty is to investigate crimes or fight fires is not exempt under section 13(a)(1) of the Act merely because the police officer or fire fighter also directs the work of other employees in the conduct of an investigation or fighting a fire.
>
> (3) Such employees do not qualify as exempt administrative employees because their primary duty is not the performance of work directly related to the management or general business operations of the employer or the employer's customers as required under § 541.200.

Under the first responder regulation, federal courts have found high-level police and fire officials to be exempt employees only where the employee's primary duty is managerial or administrative. *See Maestas v. Day & Zimmerman, LLC*, 664 F.3d 822, 826-27 (10th Cir. 2012) (citing 29 CFR § 541.100 (a)(2); § 541 (a)(2); and § 541.200(a)(2)). To determine an employee's primary duty, courts consider all the facts of the case as they relate to: (1) the relative importance of the exempt duties as compared with other types of duties; (2) the amount of time spent performing exempt work; (3) the employee's relative freedom from direct supervision; and (4) the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee. *Mullins v. City of New York*, 653 F.3d 104, 106-07 (2d Cir. 2011).

Defendant argues that the Navajo County Sheriff's written policies are controlling when it comes to determining Plaintiff's primary duty. (Mot. at 3; DSOF ¶ 1.) According to Defendant, these policies detail which positions qualify for overtime pay. (Mot. at 3.) Defendant claims that the duties of an MCAT lieutenant are prescribed by a written job description, which makes clear that a lieutenant is "paid to perform the primary duty of supervisor and manager, with the primary duty of managing and supervising MCAT in particular, whether performing those duties in the field or in the office." (Mot. at 3-4; DSOF ¶¶ 4-5.) Defendant also observes that Plaintiff was paid a salary and supervised more than two persons. (Mot. at 10.)

Defendant further argues that courts in the Ninth Circuit have found that "police lieutenants and captains who manage or supervise a defined unit or subdivision of a law enforcement agency are routinely held to fall into one of the exempt categories." (Mot. at 9.) Defendant relies on *Barner v. City of Novato* in making this assertion, where the Ninth Circuit affirmed the district court's finding that the plaintiffs had primarily executive duties following a trial on the merits. 17 F.3d 1256, 1260 (9th Cir. 1994). However, such a case is not persuasive at the summary judgment stage, where the Court may not draw factual findings. In *Nolan v. City of Los Angeles*, which Defendant also cites, the court did not hold that the plaintiffs fell into the exempt category, as Defendant implies. No. CV 03-

02190 GAF, 2009 WL 10664754, at *4-5 (C.D. Cal. Dec. 10, 2009). Rather, the *Nolan* court determined that "the primary duties of these Plaintiffs *likely* include management functions sufficient to meet the primary duties tests of both the administrative and executive exemptions," and concluded that the addition of the administrative exception to an amended answer would not be futile. *Id.* (emphasis added). Like in *Barner*, the procedural posture in *Nolan* is a far cry from that of the instant case.

Plaintiff maintains that summary judgment is inappropriate in this case. Plaintiff argues that the question of which duty is an employee's primary duty is a question of fact for a jury. (Resp. at 6.) *See Miller v. Travis County, Texas*, 953 F.3d 817, 820-21 (5th Cir. 2020) (holding that the question of whether lieutenants fell within the scope of the executive exemption from the FLSA's overtime requirements was a question of fact for the jury).

Further, Plaintiff points to other factual issues that preclude summary judgment. Plaintiff argues that neither the title "lieutenant" nor a written job description is dispositive. (Resp. at 7.) Plaintiff observes that the County has not provided facts to show that he did not work in the field 80 to 90 percent of the time, although it is undisputed that he "was required to work alongside his sergeants and detectives in order to assess, manage, and closely supervise the law enforcement activities of his personnel in investigating major crimes in Navajo County." (Resp. at 7, citing DSOF ¶ 28.) Plaintiff claims that his work in the field is "clearly" non-exempt under the first responder regulation. (Resp. at 7.)

Taking the evidence in the light most favorable to Plaintiff—the non-moving party—the Court finds that genuine issues of material fact remain, rendering this matter unsuitable for summary judgment. *See Celotex*, 477 U.S. at 322-23. The question of whether Plaintiff falls within the executive exemption to the FLSA presents issues of fact for a jury to determine. Accordingly, Defendant's Motion is denied.

**B.**     **Liquidated Damages**

Under the FLSA, liquidated damages are mandatory unless the employer shows it acted in subjective good faith and had objectively reasonable grounds for believing its

conduct did not violate the FLSA. *Chao v. A–One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003). The employer has the burden to "establish that it had an honest intention to ascertain and follow the dictates of the Act and that it had reasonable grounds for believing that its conduct complied with the Act." *Flores v. City of San Gabriel*, 824 F.3d 890, 905 (9th Cir. 2016) (internal quotations and brackets omitted). The Ninth Circuit describes this as a "heavy burden," which involves mixed questions of fact and law. *Id*.

Defendant argues that even if Plaintiff is entitled to overtime pay, there is ample evidence of good faith and reasonableness, so liquidated damages should not be awarded. (Mot. at 10.) Defendant points out that it works "cooperatively" with human resources, payroll specialists, and insurers to determine the exempt status of its employees. (Mot. at10.) Defendant also claims that Plaintiff's job description defined his duties, and it reasonably expected Plaintiff to perform the duties prescribed. (Mot. at 10.) Thus, it was up to Plaintiff to inform Defendant of what he was doing, but Defendant received no information suggesting that Plaintiff was not performing his supervisory duties or was entitled to overtime pay. (Mot. at 10-11.)

Plaintiff disputes Defendant's contention that it acted in good faith. Plaintiff explains that Cheryl Powell ("Ms. Powell") was the commanding lieutenant over administration for the duration of Plaintiff's employment. (PSOF ¶ 31.) Ms. Powell had minimal training on the FLSA, but was responsible for determining who was eligible for overtime compensation based on County policy, sometimes conferring with human resources, payroll specialists and the insurance office. (PSOF ¶ 32.) Ms. Powell was not aware of any action taken by any of Defendant's employees to determine whether Plaintiff was entitled to overtime pay as MCAT lieutenant. (PSOF ¶ 33, Ex. 8, Deposition of Cheryl Powell 21:1-9.) For these reasons, Plaintiff argues that the County cannot claim to have "actively endeavored" to ensure compliance with the FLSA. (Resp. at 9.)

The Court agrees with Plaintiff. In *Flores*, the Ninth Circuit found that the plaintiffs were entitled to liquidated damages, reasoning "[t]hat the payroll department consulted the human resources department sheds no light on *how* either department determined that the

payment's designation as a "benefit" complied with the FLSA." *Flores*, 824 F.3d at 905 (emphasis in original). Here, Defendant's brief discussion of liquidated damages provides no evidence beyond that discussed in *Flores*. Therefore, Defendant is not entitled to summary judgment on the issue of liquidated damages.

**IT IS THEREFORE ORDERED** denying Defendant's Motion for Summary Judgment (Doc. 67). The Court will set a pretrial status conference by separate Order.

Dated this 31st day of March, 2022.

Honorable John J. Tuchi
United States District Judge