# EXHIBIT A

# SETTLEMENT AND GENERAL RELEASE AGREEMENT

Navajo County (the "County"), as defined in section I(3) below, and Plaintiff Thomas Scott Peterson as defined in section I(4) below, hereby enter into this Settlement and General Release Agreement ("the Agreement"), as evidenced by their signatures on page 6 of this Agreement. The County, as defined in section I(3) below, and Peterson, as defined in section I(4) below, are also collectively referred to as the Parties.

## I. RECITALS

The following recitals are agreed upon by the Parties and are material to the terms and conditions of this Agreement:

1. Plaintiff Thomas Scott Peterson filed his Complaint in this matter in U.S. District Court of Arizona, Case No. CV-20-08055-PCT-JJT. The sole Defendant is Navajo County. Plaintiff claims he is owed compensation for alleged unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). The County denies it owes Plaintiff overtime compensation as an FLSA exempt employee;

2. To enter into a complete, full, and final resolution of any and all claims that Peterson may have, or could have asserted, against the County (as defined in paragraph I(3) below) the Parties do hereby voluntarily, knowingly, and intentionally enter into this Settlement and General Release Agreement;

3. The County, as referred to in and for purposes of, this Agreement, means the County of Navajo, a political subdivision of the State of Arizona; all County officials, persons, agencies, or entities that could have been named in the Peterson Complaint, and all County past, current and future officials, council members, supervisors, administrators, trustees, officers, agents, employees, representatives, attorneys, insurers, assigns, successors, departments, agencies, and all other persons acting by, or through, any of the above, under or in concert with any of the other persons or entities listed herein (herein and collectively, referred to in each and every paragraph of this Agreement as Navajo County or the County).

4. Peterson, as referred to in, and for purposes of, this Agreement, means named Plaintiff Thomas Scott Peterson.

5. The County and Peterson are entering into this Agreement in consideration of the promises made and the releases contained in this Agreement, and other good, valuable and sufficient consideration described in this Agreement. Therefore, in consideration of the promises and covenants contained in this Agreement, and in consideration of the amounts to be paid by the County to Peterson under this Agreement, amounts he is not otherwise entitled to receive, the County and Peterson agree as follows:

## II. THE NAVAJO COUNTY PAYMENT

In exchange for this General Release of Claims and the other promises the Parties make in this Agreement, all of which are evidenced by their signatures on this Agreement, the County promises to pay Peterson the full and final lump sum payment of $ 40,000.00

1

(forty thousand dollars and zero cents) as follows: $30,000 with deductions with respect to for all normal and customary federal, state, and local taxes based on Peterson's last County W-4 in a check made out to Thomas Scott Peterson; and $10,000 (ten thousand dollars and zero cents) in a check made out to the law firm of Yen Pilch Robaina & Kresin PLC.

1. The above-referenced payments will be delivered to the law firm of Yen Pilch Robaina & Kresin PLC at their offices located at 6017 N. 15th Street, Phoenix, AZ 85014.

2. *Not Required Payment.* Peterson understands and agrees that the payment described above is *not* otherwise required to be paid by the County. Peterson further understands and agrees the payment described above is all he will ever receive from the County arising from the alleged acts, omissions, or any other thing Peterson claims has caused damage or harm, or gives rise to any claim by Peterson, against the County from the beginning of time to the date this Agreement is fully signed by the Parties.

3. *Timing of Payment:* The Parties intend that the Section II payment will be made within thirty (30) days after approval of this Agreement by the U.S. District Court for the District of Arizona.

### III.  GENERAL RELEASE AND WAIVER OF CLAIMS

A. **Peterson's Complete Release of Claims.** Peterson acknowledges the payment and consideration described in Section II of this Agreement is given in exchange for his signing this Agreement, and he understands that he is not otherwise entitled to receive any such payment or other consideration from the County. As a free and voluntary act, Peterson agrees that the payment and consideration are in full satisfaction of any and all Claims or actions against the County, **whether known or unknown**, as defined in Paragraph III.A and III.B herein. Peterson hereby forever releases and discharges the County from, and agrees not to sue for, any such Claims that he might have against the County (1) by reason of or arising out of his employment with the County; or (2) by reason of any other matter, cause, or thing whatsoever that may have occurred between, or involving, the County and Peterson prior to the effective date of this Agreement.

B. **"Claims" Defined.** Peterson understands and agrees that "Claims" as referred to in this Agreement, include (but are not limited to) any debt, obligation, demand, promise, cause of action, judgment, controversy, or claim of any kind whatsoever between the County and Peterson, **whether currently known or unknown**, whether based under federal law, including but not limited to the FLSA, contract, statute, tort, fraud, misrepresentation, discrimination or any other legal theory. Peterson understands that the claims Peterson is releasing might arise under many different laws (including statutes, regulations, other administrative changes or guidelines, and common law doctrines), and include but are not limited to the following:

1. Without limiting the general scope of the release of claims in Paragraph III.A and III.B of this Agreement, Peterson understands and agrees that he is settling and releasing any and all claims for alleged violations of the FLSA and its association

2

regulations, including its overtime provisions, alleged tortious conduct, discrimination, retaliation, or other alleged unlawful or wrongful activity under federal, state and local law. This release of claims shall include, but is not limited to: Claims under Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 and 1983 of the Civil Rights Act of 1866; 42 U.S.C. § 1985; the Arizona Civil Rights Act; the U.S. and Arizona Constitutions; and any other federal, state, or local laws, including those that provide recourse for alleged negligence, negligent supervision or hiring or retention or training, breach of contract, breach of express or implied covenant of good faith and fair dealing, tort, physical or personal injury, assault, battery, false imprisonment, intentional or negligent infliction of emotional distress, negligence, negligence per se, fraud, whistleblower liability, negligent misrepresentation, libel, slander, defamation, abuse of process, malicious prosecution, aiding and abetting, conspiracy, invasion of privacy, false light invasion of privacy, tortious interference with contract, retaliation, and other similar or related claims; as well as any attorneys' fees and costs; and any other claim that could be raised by Peterson against the County and Peterson prior to the effective date of this Agreement.

2. *Claims or Charges Filed with Governmental Agencies.* If a claim or charge has been filed by Peterson against the County with a federal, state or local governmental agency, Peterson will immediately request the withdrawal of the claim or charge, and will refrain from filing any additional or further such claim or charge.

3. *This Agreement Bars Additional Remedies.* Peterson understands that this Agreement is in full satisfaction of, and may be pled as a total and complete bar to, any charge, complaint, or claim made, filed, or not withdrawn by Peterson against the County.

4. *Unknown Claims.* Peterson understands that he is releasing Claims, including injuries, he may not know about at this time. This Release of Unknown Claims is by knowing and voluntary intent, even though Peterson recognizes that someday he might discover new facts that he is unaware of now, or might learn that some or all of the facts he currently believes to be true are untrue. Nevertheless, Peterson assumes this risk and agrees that this Release shall remain effective in all respects in any such case. Peterson expressly waive all rights he might have under any law intended to protect him from waiving unknown claims. Peterson fully understands the significance of waiving the claims described in this Paragraph.

C. **Dismissal of Released Claims.** Peterson agrees to withdraw or dismiss, with prejudice, all complaints, charges or appeals, if any, he has filed against the County with any agency or court. Peterson promises he will not in the future file any lawsuit, claim, or complaint against the County based on the Claims he has released in this Agreement. Further, Peterson promises never to seek any damages, remedies, or other relief for himself by filing or prosecuting a charge with any administrative agency or court action with respect to any Claim he has released in this Agreement.

D. **Ownership of Claims.** Peterson warrants that he has not assigned or transferred any claim or rights to damages or other compensation that he is releasing in this Agreement.

3

### IV.  DISPOSITION OF PENDING LAWSUIT

**Dismissal of Case No. Case No. CV 20-08055-JJT.**  Upon all Parties' acceptance and signing of this Agreement, and the approval of this Agreement by the U.S. District Court for the District of Arizona, the Parties agree to stipulate to the dismissal of Peterson's pending Complaint in the U.S. District Court, with prejudice, and with each side to bear their own attorneys' fees and costs, and to do and sign all things required to effect such dismissal, or direct their counsel to do and sign all things required to effect such dismissal.

### V.  OTHER PROMISES AND ACKNOWLEDGEMENTS

**A.  Peterson's Execution of Agreement is Voluntary.**  Peterson acknowledges that he has voluntarily signed this Settlement and General Release Agreement in exchange for the Payment described in Paragraph II above, and that the Payment is sufficient consideration for Peterson's release of claims and promises he has made herein.  Peterson understands he will receive the Payment *because* he signed this Settlement and General Release Agreement.  Peterson further acknowledges that no one coerced or pressured him into signing this Settlement and General Release Agreement, and that he does so of his own choosing, and based on his and his counsel's own evaluation of the dispute or disputes he has, or may have, as to the County.

**B.  Payment, Withholding of Taxes and Indemnification.**  Peterson agrees that the County must withhold customary federal, state, and local taxes from the Payment in Section II of this Agreement.

**C.  Implementation of Agreement.**  The Parties agree to sign any documents and do anything else that is necessary in the future to implement this Settlement and General Release Agreement.

**D.  No Discrimination.**  Peterson acknowledges and agrees that he has not suffered any discrimination on account of age, sex, race, national origin, disability or any other federally protected status, and that none of these ever has been an adverse factor used against him by the County in connection with this Agreement.

**E.  No Admission by Navajo County.**  Peterson understands and acknowledges that this Agreement resolves all issues between him and the County.  Further, Peterson understands that the County's entering into this Agreement does not constitute an admission by the County of any breach of any contract, or violation of any state, federal or local law, ordinance or regulation, or admission of any violation of County policies or procedures, and that the County expressly denies any liability or wrongdoing. Peterson agrees that nothing in this Agreement, including the Payment provided for in this Agreement at Paragraph II, shall be construed to be, or shall be, admissible in any proceeding as evidence of liability or wrongdoing by the County.  This Agreement may, however, be introduced in any proceeding to enforce this Agreement in a court of competent jurisdiction.

4

**F.     Confidentiality of Settlement.** Peterson and his counsel agree to keep this settlement and Agreement confidential up to the limits allowed for under Arizona law, and agrees he will not disparage the County, as it is defined in this Agreement. Nothing in this paragraph, however, shall prevent Peterson from providing truthful testimony in a court of competent jurisdiction or pending administrative action authorized under state, county, or local law or prevent Peterson from disclosing information relative to his employment with the County as as part of any background questioning or investigation for purposes of Peterson's current or future employment or for law enforcement or other certification, or similar purposes.

**G.     Breach of Agreement.** The Parties understand and agree that, except as limited by federal or state law, they will be obligated to pay the reasonable attorneys' fees, costs, and any damages the other Party may incur as a result of a breach of any promise made in this Agreement and Release (such as by suing over a released Claim), or if any representation made in this Agreement and Release is false.

## VI.     ADDITIONAL PROVISIONS

**A.     Court Approval and Severability.** No provision of this Agreement shall be deemed enforceable or severable unless the Agreement is approved by the United States District Court for the District of Arizona. Upon such approval, except for the general release, payment, and case dismissal provisions in this Agreement, in the case any one or more of the provisions of this Agreement shall be found to be invalid, illegal, or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions of this Agreement shall not in any way be affected or impaired, and they shall remain in full force and effect.

**B.     Integration Clause.** The Parties agree that this Agreement constitutes and contains their entire Agreement and understanding concerning Peterson's allegations and claims against the County. This Agreement supersedes and replaces all prior negotiations and agreements, whether written or oral, concerning the subject matters addressed in this Agreement. This Agreement may not be modified or canceled in any manner except in writing, signed by both the Parties.

**C.     Governing Law; Jurisdiction; Venue.** This Agreement shall be construed in accordance with and governed by the laws of the State of Arizona, and any action relating to this Agreement shall be instituted and prosecuted in the federal court located in Phoenix, Arizona, or state courts located in Navajo County, Arizona. The Parties each waive their respective right to file an action in any other jurisdiction or venue.

**D.     Assignment and Successors.** The Parties agree that they will not assign any right or delegate any obligation hereunder without the other Party's written consent, and any attempted assignment or delegation by either Party without the other party's written consent shall be void. This Agreement shall be binding upon and inure to the benefit of the Parties, and their successors, heirs, executors, administrators, assigns, and legal representatives. Peterson acknowledges that no marital community, past or present, has an interest in the overtime compensation claimed in the underlying lawsuit and agrees to indemnify, defend, and hold harmless the County against any claim by a former or current spouse that she is

entitled to all, or any portion of, the overtime compensation Peterson alleges in his Complaint.

E.  **Headings in Agreement.**  The headings of the paragraphs and clauses of this Agreement are for reference and convenience only and shall not be considered in interpreting this Agreement.

F.  **Effective Date of Agreement.**  This Agreement shall be effective on the date it is fully signed by the Parties, and approved the United States District Court for the District of Arizona.

G.  **Voluntary and Knowing Release of Claims.**  Peterson acknowledges that he has been advised to consult with legal counsel prior to signing this Agreement and has in fact done so, has read this Agreement, and understands his rights, responsibilities, and obligations under the Agreement. Peterson also acknowledges that he understands the legal claims he is releasing under this Agreement. Finally, Peterson is entering into this Agreement voluntarily and with full knowledge of the consequences.

> TAKE THIS SETTLEMENT AND GENERAL RELEASE SERIOUSLY AND UNDERSTAND ITS CONSEQUENCES. READ IT, AND CAREFULLY CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT. ***THIS RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.*** YOU ARE ADVISED TO CONSULT AN ATTORNEY, AND TO HAVE AN ATTORNEY EXPLAIN THE TERMS OF THIS AGREEMENT TO YOU BEFORE SIGNING

I accept and agree to the terms and provisions in this Settlement and General Release Agreement, hereby execute the Agreement voluntarily with full understanding of the consequences and by my signature represent that I am fully authorized to enter into this Agreement on behalf of myself, or the party or parties indicated:

_____    2-8-2023
Plaintiff Thomas Scott Peterson, a unmarried person    Date

_____    02/07/2023
For Navajo County (as defined herein)    Date

6